IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| This Document Relates to: | : | |
| --- | --- | --- |
| CHARLES JOHNSON and RUBY JOHNSON, | : | |
| Plaintiffs | : | Case No. 1:13-cv-00345-SLR-CJB |
| v. | : | |
| ADVANCE AUTO PARTS, INC., et al. | : | |
| Defendants | : | |

**DEFENDANT ADVANCE AUTO PARTS INC.'S ANSWER TO PLAINTIFF'S ASBESTOS LITIGATION COMPLAINT**

AND NOW COMES the Defendant, Advance Auto Parts Inc. (hereinafter "Advance Auto" or "Answering Defendant") by and through their attorneys, Wilbraham, Lawler & Buba, P.C. generally denies each and every allegation in Plaintiff's Complaint ("Complaint") and denies that it is liable to plaintiff ("Plaintiff") on any basis whatsoever, because said allegations constitute a disputed issue of fact and/or contain a conclusion of law which require no responsive pleading and/or do not contain sufficient factual information to allow Answering Defendant to responsively plead. With respect to the allegations in this Complaint filed in the above-captioned action, Answering Defendant pleads as follows:

**COMMON ALLEGATIONS**

1. Denied. This paragraph calls for a conclusion of law to which no response is required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and leaves the Plaintiff strictly to his proofs at time of trial.

2. Admitted only that Answering Defendant is a Delaware corporation. All other allegations are specifically denied.

3. – 43. These paragraphs are specifically directed to defendants other than Answering Defendant and therefore no responses are required.

## COUNT I

44. Answering Defendant herein repeats its answers to paragraphs 1 through 43 of Plaintiff's Complaint and incorporates same by reference into this Count as if fully set forth at length.

45. (a) – (c) Denied as to Answering Defendant. This paragraph and its subparagraphs call for conclusions of law to which no responses are required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and its subparagraphs and leaves the Plaintiff strictly to his proofs at trial.

46. Denied as to Answering Defendant. This paragraph calls for a conclusion of law to which no response is required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and leaves the Plaintiff strictly to his proofs at time of trial.

47. Denied. This paragraph calls for a conclusion of law which will be determined by the Court at a later date.

48. Denied as to Answering Defendant. This paragraph calls for a conclusion of law to which no response is required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and leaves the Plaintiff strictly to his proofs at time of trial.

49. Denied as to Answering Defendant. This paragraph calls for a conclusion of law to which no response is required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and leaves the Plaintiff strictly to his proofs at time of trial.

50. Denied as to Answering Defendant. This paragraph calls for a conclusion of law to which no response is required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and leaves the Plaintiff strictly to his proofs at time of trial.

## COUNT II

51. Answering Defendant herein repeats its answers to paragraphs 1 through 50 of Plaintiff's Complaint and incorporates same by reference into this Count as if fully set forth at length. Denied as to Answering Defendant. This paragraph calls for a conclusion of law to which no response is required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and leaves the Plaintiff strictly to his proofs at time of trial.

52. Denied as to Answering Defendant. This paragraph calls for a conclusion of law to which no response is required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and leaves the Plaintiff strictly to his proofs at time of trial.

## COUNT III

53. Answering Defendant herein repeats its answers to paragraphs 1 through 52 of Plaintiff's Complaint and incorporates same by reference into this Count as if fully set forth at length.

54. (a) – (e) Denied as to Answering Defendant. This paragraph and its subparagraphs call for conclusions of law to which no response is required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and its subparagraphs and leaves the Plaintiff strictly to his proofs at time of trial.

55. Denied as to Answering Defendant. This paragraph calls for a conclusion of law to which no response is required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and leaves the Plaintiff strictly to his proofs at time of trial.

## COUNT IV

56. Answering Defendant herein repeats its answers to paragraphs 1 through 55 of Plaintiff's Complaint and incorporates same by reference into this Count as if fully set forth at length.

57. (a) – (e) Denied as to Answering Defendant. This paragraph and its subparagraphs call for conclusions of law to which no responses are required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and its subparagraphs and leaves the Plaintiff strictly to his proofs at time of trial.

58. Denied as to Answering Defendant. This paragraph calls for a conclusion of law to which no response is required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and leaves the Plaintiff strictly to his proofs at time of trial.

## COUNT V

59. Answering Defendant herein repeats its answers to paragraphs 1 through 58 of Plaintiff's Complaint and incorporates same by reference into this Count as if fully set forth at length.

60. Denied as to Answering Defendant. This paragraph calls for conclusions of law to which no responses are required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and leaves the Plaintiff strictly to his proofs at time of trial.

61. Denied as to Answering Defendant. This paragraph calls for a conclusion of law to which no response is required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and leaves the Plaintiff strictly to his proofs at time of trial.

62. Denied as to Answering Defendant. This paragraph calls for a conclusion of law to which no response is required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and leaves the Plaintiff strictly to his proofs at time of trial.

63. Denied as to Answering Defendant. This paragraph calls for a conclusion of law to which no response is required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and leaves the Plaintiff strictly to his proofs at time of trial.

64. Denied as to Answering Defendant. This paragraph calls for a conclusion of law to which no response is required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and leaves the Plaintiff strictly to his proofs at time of trial.

**COUNT VI**

65. Answering Defendant herein repeats its answers to paragraphs 1 through 64 of Plaintiff's Complaint and incorporates same by reference into this Count as if fully set forth at length.

66. (a) – (b) Denied as to Answering Defendant. This paragraph and its subparagraphs call for conclusions of law to which no responses are required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and its subparagraphs and leaves the Plaintiff strictly to his proofs at time of trial.

67. Denied as to Answering Defendant. This paragraph calls for a conclusion of law to which no response is required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and leaves the Plaintiff strictly to his proofs at time of trial.

68. Denied as to Answering Defendant. This paragraph calls for a conclusion of law to which no response is required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and leaves the Plaintiff strictly to his proofs at time of trial.

## COUNT VII

69. Answering Defendant herein repeats its answers to paragraphs 1 through 68 of Plaintiff's Complaint and incorporates same by reference into this Count as if fully set forth at length.

70. (a) – (b) Denied as to Answering Defendant. This paragraph and its subparagraphs call for conclusions of law to which no responses are required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and its subparagraphs and leaves the Plaintiff strictly to his proofs at time of trial.

71. Denied as to Answering Defendant. This paragraph calls for a conclusion of law to which no response is required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and leaves the Plaintiff strictly to his proofs at time of trial.

72. Denied as to Answering Defendant. This paragraph calls for a conclusion of law to which no response is required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and leaves the Plaintiff strictly to his proofs at time of trial.

## COUNT VIII

73. Answering Defendant herein repeats its answers to paragraphs 1 through 72 of Plaintiff's Complaint and incorporates same by reference into this Count as if fully set forth at length.

74. Denied as to Answering Defendant. This paragraph calls for conclusions of law to which no responses are required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and leaves the Plaintiff strictly to his proofs at time of trial.

75. Denied as to Answering Defendant. This paragraph calls for conclusions of law to which no responses are required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and leaves the Plaintiff strictly to his proofs at time of trial.

## COUNT IX

76. Answering Defendant herein repeats its answers to paragraphs 1 through 75 of Plaintiff's Complaint and incorporates same by reference into this Count as if fully set forth at length.

77. Denied as to Answering Defendant. This paragraph calls for conclusions of law to which no responses are required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and leaves the Plaintiff strictly to his proofs at time of trial.

78. Denied as to Answering Defendant. This paragraph calls for conclusions of law to which no responses are required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and leaves the Plaintiff strictly to his proofs at time of trial.

79. Denied as to Answering Defendant. This paragraph calls for conclusions of law to which no responses are required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and leaves the Plaintiff strictly to his proofs at time of trial.

80. Denied as to Answering Defendant. This paragraph calls for conclusions of law to which no responses are required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and leaves the Plaintiff strictly to his proofs at time of trial.

81. Denied as to Answering Defendant. This paragraph calls for conclusions of law to which no responses are required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and leaves the Plaintiff strictly to his proofs at time of trial.

82. (a) – (e) Denied as to Answering Defendant. This paragraph and its subparagraphs call for conclusions of law to which no responses are required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the

allegations contained in this paragraph and its subparagraphs and leaves the Plaintiff strictly to his proofs at time of trial.

83. Denied as to Answering Defendant. This paragraph calls for conclusions of law to which no responses are required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and leaves the Plaintiff strictly to his proofs at time of trial.

84. (a) – (g) Denied as to Answering Defendant. This paragraph and its subparagraphs call for conclusions of law to which no responses are required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and its subparagraphs and leaves the Plaintiff strictly to his proofs at time of trial.

## **COUNT X**

85. Answering Defendant herein repeats its answers to paragraphs 1 through 84 of Plaintiff's Complaint and incorporates same by reference into this Count as if fully set forth at length.

86. (a) – (b) Denied as to Answering Defendant. This paragraph and its subparagraphs call for conclusions of law to which no responses are required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and its subparagraphs and leaves the Plaintiff strictly to his proofs at time of trial.

87. Denied as to Answering Defendant. This paragraph calls for conclusions of law to which no responses are required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and leaves the Plaintiff strictly to his proofs at time of trial.

88. Denied as to Answering Defendant. This paragraph calls for conclusions of law to which no responses are required. By way of further answer, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and leaves the Plaintiff strictly to his proofs at time of trial.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Answering Defendant acted reasonably and with due cares toward the plaintiff and violated no duty owed to the plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The injuries and damages complained of were the proximate result of the negligence of third parties over whom Answering Defendant had no control or right of control.

### FOURTH AFFIRMATIVE DEFENSE

Answering Defendant denies that it was guilty of any negligence or breach of warranty which directly caused or proximately contributed to plaintiff's alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

The alleged injuries and damages were the result of the plaintiff's sole negligence.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff's contributory negligence was greater than the negligence of Answering Defendant. In the event that such contributory negligence is adjudged not to be greater than the

negligence of Answering Defendant, the plaintiff's damages shall be diminished by the percentage of plaintiff's contributory negligence.

### SEVENTH AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over Answering Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over the subject matter of this action.

### NINTH AFFIRMATIVE DEFENSE

The venue of this action is improper and Answering Defendant reserves the right to move for a transfer.

### TENTH AFFIRMATIVE DEFENSE

The Statute of Limitations and/or Statute of Repose bars plaintiff's action, and accordingly, Answering Defendant reserves the right to move for dismissal at or before trial.

### ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendant denies breach of any warranties, expressed or implied.

### TWELFTH AFFIRMATIVE DEFENSE

The plaintiff had full knowledge of all facts, circumstances and conditions existing with respect to the use of any product mentioned in the Complaint and voluntarily assumed the risk from and attendant to the use of products manufactured or supplied by Answering Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

Answering Defendant is not liable to the plaintiff in strict liability in tort.

### FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiff consented to the acts alleged in the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

Since plaintiff's employers are primarily liable for plaintiff's current injuries and plaintiff brought or have the right to bring an action for workmen's compensation benefits, plaintiff's damages, if any, is barred by the exclusive remedial provisions under the workers' compensation law and other applicable state laws.  In the alternative, the damages should at least be reduced by the amount of compensation received from the plaintiff's employers.

## SIXTEENTH AFFIRMATIVE DEFENSE

The incident and injuries complained of were caused by unauthorized, unintended and improper use of the products complained of and as a result of plaintiff's failure to exercise reasonable and ordinary care, caution or vigilance.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff(s)' injuries and damages were caused by the superseding and intervening acts or the fault of other parties over whom Answering Defendant had no control and for whose actions Answering Defendant is not liable.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The plaintiff's action is barred by the Doctrine of Laches.

## NINETEENTH AFFIRMATIVE DEFENSE

Answering Defendant never designed, manufactured, sold or distributed a defective product which caused plaintiff's damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Inasmuch as the plaintiff is unable to identify the manufacturer of the product that allegedly caused his injuries, plaintiff fails to state a claim upon which relief can be granted.  If relief were granted in the absence of product identification, it would contravene with defendant's constitutional rights to substantive and procedural due process of law and equal protection, as

well as, defendant's constitutional rights to protection against the taking of private property for public use without just compensation as preserved by the Fourteenth Amendment of the United States Constitution.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The applicable provisions of the Uniform Commercial Code bar the alleged claims.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

At all times relevant hereto, Answering Defendant followed plans, specifications and contracts set by a governmental body and did not deviate from said plans, contracts and specifications, therefore, its actions are cloaked with immunity.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

At all times relevant hereto, Answering Defendant complied with all applicable laws, regulations and standards.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

The plaintiff's alleged injuries were caused in whole or in part by the misuse, abuse and/or unauthorized alteration of Answering Defendant or other defendant's products.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

All oral warranties upon which plaintiff allegedly relied upon are inadmissible and unavailable due to the applicable statute of frauds.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for punitive damages is barred by the proscription of the Eighth Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment, prohibiting the imposition of excessive fines.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's action is barred by the doctrine of estoppel and waiver.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred by the Due Process clause of the Fourteenth Amendment to the United States Constitution and by the Delaware State Constitution.

### THIRTIETH AFFIRMATIVE DEFENSE

Any benefit or other compensation received by plaintiff from any other defendants or any collateral source, including workers compensation, social security death benefits and/or insurance, should reduce or set off the amount of any judgment against Answering Defendant.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate or reduce his alleged injuries.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

All causes of action based on expressed or implied warranties are legally insufficient since plaintiff failed to allege privity of contract between plaintiff and Answering Defendant.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Any asbestos exposure from Answering Defendant's products is so minimal that there is insufficient evidence that Answering Defendant's products caused plaintiff's alleged injuries.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Even if plaintiff can establish a breach of warranty, plaintiff failed to provide prompt and proper notice of said breach of warranty to Answering Defendant.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff did not directly or indirectly purchase any asbestos-containing products from Answering Defendant. Therefore, plaintiff neither received nor relied upon any representation or warranty allegedly made regarding Answering Defendant' products.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of res judicata.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Answering Defendant incorporates and adopts all affirmative defenses raised and plead by any other defendants except such defenses which refer to this Answering Defendant. Additionally, defendant specifically reserves the right to amend this answer and assert any additional defenses that might become available as discovery continues.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Strict liability is not the law in the State of Delaware. Answering Defendant reserves the right to amend this Affirmative Defense to specifically address choice of law.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

The complaint fail to specify any willful or wanton conduct on the part of Answering Defendant, and therefore, all claims for and references to the recovery of special damages in the complaint must be stricken.

## FORTIETH AFFIRMATIVE DEFENSE

The complaint fails to specifically state the items of special damages claimed as required by Superior Court Civil Rule 9(g) and, therefore, all claims for and references to the recovery of special damages in the complaint must be stricken.

### FORTY-FIRST AFFIRMATIVE DEFENSE

The complaint fails to allege with specificity any acts, actions or conduct on the part of Answering Defendant, which constitute negligence, fraud or conspiracy as required by Superior Court Civil Rule 9, therefore all claims and/or damages based upon allegations of negligence, fraud or conspiracy must be stricken.

### FORTY-SECOND AFFIRMATIVE DEFENSE

The process of original service of process is insufficient; statutory and court rule requirements have not been satisfied.

### FORTY-THIRD AFFIRMATIVE DEFENSE

The claims may have been compromised and/or settled with the named defendant and/or other defendants in full and/or in part.

### FORTY-FOURTH SEPARATE AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert all or some of the claims as set forth in the complaint.

### FORTY-FIFTH SEPARATE AFFIRMATIVE DEFENSE

Defendants could not and did not foresee the risks of damages or injuries which the plaintiff alleges.

### FORTY-SIXTH SEPARATE AFFIRMATIVE DEFENSE

Answering Defendant owes no duty to plaintiff with respect to the subject matter of the Complaint, a violation of which would give rise to a cause of action by plaintiff against

defendants; and if it is determined that defendants did owe a duty to plaintiff, it was not breached.

## FORTY-SEVENTH SEPARATE AFFIRMATIVE DEFENSE

Answering Defendant owed no contractual obligation or duty, either express or implied to the plaintiff.

## FORTY-EIGHTH SEPARATE AFFIRMATIVE DEFENSE

Answering Defendant made no representation or misrepresentation to plaintiff.

## FORTY-NINTH SEPARATE AFFIRMATIVE DEFENSE

Plaintiff's action is barred by operation of the Entire Controversy Doctrine.

## FIFTIETH SEPARATE AFFIRMATIVE DEFENSE

Answering Defendant will rely upon further defenses that become available or appear during discovery proceedings in this action and hereby specifically reserves the right to amend its answer for the purposes of asserting any such additional defenses in accordance with the Delaware Rules of Civil Procedure.

## CROSS CLAIM FOR CONTRIBUTION

While Answering Defendant denies liability in all aspects, it avers, alternatively, that should it be found liable in any respect, it is entitled to contribution from each and every co-defendant for any amount which Answering Defendant may be required to pay to the Plaintiff and is entitled to have the relative degrees of fault determine the amount of contribution in accordance with Title 19, chapter 63 of the Delaware Code.

## CROSS CLAIM FOR INDEMNIFICATION

In the alternative, Answering Defendant seeks full indemnification from each and every co-defendant.

## ANSWER TO ALL PAST, PRESENT AND FUTURE CROSS CLAIMS

Answering Defendant denies the allegations of any cross-claims that have been filed or may be filed in the future by any co-defendant and demands that such cross claims be dismissed.

**WHEREFORE**, Answering Defendant demands judgment in its favor against the plaintiff, against other defendants and additional defendants plus costs of defense.

                                                Respectfully submitted,

                                                **WILBRAHAM LAWLER AND BUBA**

BY:   */s/ Barbara A. Fruehauf, Esq.*
        Barbara A. Fruehauf, Esquire
        DE Bar ID: 2872
        901 N. Market Street, Suite 810
        Wilmington, DE 19801
        Phone: 302-421-9935
        Fax: 302-421-9955
        Attorney for Defendant,
Dated: May 13, 2013        Advance Auto Parts, Inc.